375 So.2d 290 (1979)
B.F. SAUL, II, and Garland J. Bloom, Jr., As Trustees of the B.F. Saul Real Estate Investment Trust, Petitioners,
v.
Harry BASSE, Donald J. Delbene and Virginia Delbene, Husband and Wife, Earl M. Zimmerman and Anna Mae Zimmerman, Husband and Wife, Abert S. Davis and Mary Davis, Husband and Wife, W. David Corbett, Ben Kassen and Lillian Kassen, Husband and Wife, Max H. Baltz and Florence Baltz, Husband and Wife, Maurice Herrmann and Rebecca Hermann, Husband and Wife, Grace Von Losberg, Marjorie L. Loeb a/k/a Majorie L. Scheutz, Anacleto D. Giachetti, Donald Nash and Margaret Nash, Husband and Wife, Sidney Bank and Edith Bank, Husband and Wife, Raymond S. Short and Maude F. Short, Husband and Wife, Muriel T. Ericson, Leland E. Juhl and Alice Juhl, Husband and Wife, Ann F. Jones, Barbara A. Thompson, Aubrey H. Russell and Faye V. Russell, Husband and Wife, Betty Jane Milligan, Lester Saphier, Gary W. Moehle, and Robert Schlutz and Marillyn Schlutz, Respondents.
No. 78-1659.
District Court of Appeal of Florida, Second District.
April 25, 1979.
*291 Lawrence J. Robinson and Steven J. Chase of Drymon, Robinson & Clark, Sarasota, for petitioners.
Robert P. Rosin of Rosin, Abel, Band, Rosin & Brown, Sarasota, for respondents.
BOARDMAN, Judge.
Respondents, unit owners in the Dolphin Towers Condominium in Sarasota, filed a complaint seeking declaratory relief concerning their rights and obligations under a community facility 99-year lease and the amendments and modifications thereto. Named as defendants in that proceeding were petitioners, who held the mortgage on the subject property and had recently foreclosed on it, and Dolphin Towers Condominium Association (the Association), the lessee named in the lease. Petitioners moved to require respondents to deposit the rent accrued under the lease into the registry of the court as mandated by Section 718.401(4), Florida Statutes (1978 Supp.). After proper hearing the trial court denied the motion, and petitioners by petition for certiorari seek review of that denial. The only question before us and the only one decided by this opinion is whether Section 718.401(4) is applicable. We hold that it is and, therefore, grant certiorari and reverse.
Section 718.401(4), Florida Statutes (1978 Supp.) provides:
In any action by the lessor to enforce a lien for rent payable or in any action by the association or a unit owner with respect to the obligations of the lessee or the lessor under the lease, the unit owner may raise any issue or interpose any defenses, legal or equitable, that he may have with respect to the lessor's obligations under the lease. If the unit owner initiates any action or interposes any defense other than payment of rent under the lease, the unit owner or the association shall pay into the registry of the court any allegedly accrued rent and the rent which accrues during the pendency of the proceeding, when due. If the unit owner fails to pay the rent into the registry of the court, it shall constitute an absolute waiver of the unit owner's defenses other than payment, and the lessor shall be entitled to default. When the unit owner has deposited the required funds into the registry of the court, the lessor may apply to the court for disbursement for all or part of the funds shown to be necessary for the payment of taxes, mortgage payments, maintenance and operating expenses, and other necessary expenses incident to maintaining and equipping the leased facilities. The *292 court, after preliminary hearing, may award all or part of the funds on deposit to the lessor for such purpose. The court shall require the lessor to post bond or other security, as a condition to the release of funds from the registry, when the value of the leased land and improvements, apart from the lease itself, is inadequate to fully secure the sum of existing encumbrances on the leased property and the amounts released from the court registry. (Emphasis supplied.)
In their complaint respondents alleged that demands for rental payments under the lease had been made of them by both petitioners and the Association and that they were not obligated to the Association under the lease because (1) certain resolutions adopted by the Association were invalid, illegal, and void, (2) any obligation to the Association was terminated as a result of the final judgment of foreclosure obtained by petitioners, and (3) the lease as amended was contrary to Section 718.112, Florida Statutes (1977) and therefore unconscionable. Respondents further alleged that they were not obligated to petitioners under the lease agreement because petitioners were not the lessors named in the lease. It is interesting to note that respondents alleged that they were prepared to pay all accrued rent into the registry of the court.
It is our opinion that the trial court's denial of petitioners' motion constitutes a departure from the essential requirements of the law, since respondents clearly fall within the statute and the statutory provision is mandatory. See S.R. v. State, 346 So.2d 1018 (Fla. 1977); Neal v. Bryant, 149 So.2d 529 (Fla. 1962).
The effect of the trial court's order is to deny petitioners their right to immediate use of the funds during the pendency of the litigation as provided by the statute. The statute contemplates the establishment of a secured fund which would be available to satisfy any monetary judgment obtained in favor of petitioners against respondents. Failure to require all rents to be deposited into the registry of the court may cause irreparable injury to petitioners in that petitioners could be required to seek other sources to satisfy any judgment they should obtain. Such alternative sources may not exist or may be insufficient to fully satisfy the judgment. Even if it later be determined that the lease was terminated by the foreclosure, it seems likely that the respondents would be obligated for reasonable rentals during the pendency of the litigation. The injury to petitioners is evident and remedy by full appeal from the final judgment would be inadequate.
The petition for writ of certiorari is granted. The order of the trial court is vacated, and this cause is remanded to the trial court for entry of an order requiring respondents to deposit all rents in compliance with Section 718.401(4), Florida Statutes (1978 Supp.).
GRIMES, C.J., and RYDER, J., concur.