390 So.2d 185 (1980)
LAKE TIPPECANOE OWNERS ASSOCIATION, INC., Appellant,
v.
NATIONAL LAKE DEVELOPMENTS, INC. and Harry Macksey, Appellees.
NATIONAL LAKE DEVELOPMENTS, INC. and Harry Macksey, Appellants,
v.
James J. FARRELL, Sidney Heller and Lake Tippecanoe Owners Association, Inc., Appellees.
LAKE TIPPECANOE OWNERS ASSOCIATION, INC., Appellant,
v.
NATIONAL LAKE DEVELOPMENTS, INC. and Harry Macksey, Appellees.
Nos. 80-601, 80-689 and 80-699.
District Court of Appeal of Florida, Second District.
November 19, 1980.
Joseph S. Paglino, Miami, and Ezra J. Regen, Sarasota, for Lake Tippecanoe Owners Ass'n, Inc., James J. Farrell and Sidney Heller.
*186 Daryl J. Brown of Rosin, Abel, Band, Brown & Russell, Chartered, Sarasota, for National Lake Developments, Inc. and Harry Macksey.
CAMPBELL, Judge.
Lake Tippecanoe Owners Association appeals from paragraph one of the trial court's order of March 20, 1980, which requires the Association to make certain payments pursuant to section 718.401(4), Florida Statutes (1979)[1] and from a subsequent order compelling compliance with the March 20th order.[2] National Lake Developments appeals from paragraph two of the March 20th order which relieves Lake Tippecanoe from all other previous stipulations requiring the deposit of money during litigation.[3]
These appeals arise out of an action to cancel and declare void as unconscionable a ninety-nine year recreation lease. Lake Tippecanoe, lessee, and National Lake Developments, lessor, had entered into the lease on October 12, 1971. After bringing the action, Lake Tippecanoe moved for an order to deposit into the registry of the court rents under the disputed lease and all franchise fees under a CATV franchise agreement as they became due under the litigation. This motion was made pursuant to section 718.401(4), Florida Statutes (1979), the application of which had been found to be mandatory in Saul v. Basse, 375 So.2d 290 (Fla. 2d DCA 1979).
As National Lake Developments had mortgaged the leased property and was obligated to make $4,000 per month payments, the parties stipulated that rather than deposit rent into the registry of the court pursuant to section 718.401(4), Lake Tippecanoe would pay National Lake Developments $4,000 per month to enable National Lake to meet its mortgage obligations. The stipulation also provided that Lake Tippecanoe would deposit the payments on the CATV franchise system into a special interest bearing savings account. The parties executed an additional joint stipulation which provided that the portion of the monthly payments deposited in the special interest bearing savings account would be used to the extent necessary to maintain the CATV franchise system.
Subsequent to these stipulations, the Florida Supreme Court held that application of section 718.401(4) to contracts in existence prior to the effective date of the statute is an unconstitutional impairment of contract rights. Pomponio v. Claridge of Pompano Condominium, Inc., 378 So.2d 774 (Fla. 1979).
Based on Pomponio, Lake Tippecanoe moved for an order vacating or modifying the stipulations and orders entered into previously. The lower court vacated the previous orders and entered a new order which provided that Lake Tippecanoe was to continue paying $4,000 per month to National Lake Developments' mortgagee and that Lake Tippecanoe was relieved from the stipulations regarding the CATV franchise system.
Lake Tippecanoe did not make the $4,000 payment by April 10, 1980, as the court had directed, but on April 14, 1980, filed a $4,600 civil supersedeas bond. National Lake Developments filed a motion to compel compliance with the prior court order. The lower court granted the motion and ordered Lake Tippecanoe to continue making payments.
Lake Tippecanoe contends on appeal that the trial court erred in failing to vacate its prior orders and the parties' prior stipulations which were based on application of section 718.401(4). We agree.
In Pomponio v. Claridge of Pompano Condominium, Inc., the Florida Supreme Court stated, with regard to section 718.401(4), "[a]s applied retroactively, absent a lessor's express consent to its incorporation into the terms of the contract, the statute is invalid." 378 So.2d at 782.
Lake Tippecanoe and National Lake Developments entered into the disputed *187 recreation lease on October 12, 1971, prior to section 718.401(4) becoming effective. There was no express consent to the incorporation of section 718.401(4) into the terms of the lease. Consequently, retroactive application of section 718.401(4) to this lease was improper.
Absent section 718.401(4) the court has no authority to require Lake Tippecanoe to make payment of rent in this situation. National Lake Developments has an adequate remedy at law should it be needed. National Lake Developments may bring an action on the lease agreement for damages if the payments are not made. See § 83.55, Fla. Stat. (1979). The court may not exercise its equity powers when there is an adequate remedy at law. First National Bank in St. Petersburg v. Ferris, 156 So.2d 421 (Fla. 2d DCA 1963).
Accordingly, we reverse paragraph one of the March 20th order which required the payment to National Lake Developments for its mortgagee. This holding mandates reversal of the order compelling compliance with paragraph one of the March 20th order also. We affirm paragraph two of the March 20th order which relieved Lake Tippecanoe from its obligation to deposit its payments on the CATV franchise system into the savings account.
SCHEB, C.J., and GRIMES, J., concur.
NOTES
[1] Case No. 80-601.
[2] Case No. 80-699.
[3] Case No. 80-689.