630 So.2d 210 (1993)
Roberta Mary ZUCKERMAN, Appellant,
v.
ALEX HOFRICHTER, P.A., f/K/a Hofrichter & Quiat, P.A., Alex Hofrichter, individually, Henry Hirst, individually, Ronald P. Ponzoli, individually, Ponzoli, Wassenberg & Sperkacz, P.A., and Andrew Leinoff, individually, Appellees.
No. 93-689.
District Court of Appeal of Florida, Third District.
December 21, 1993.
Rehearing Denied February 15, 1994.
*211 Stephen M. Cody, Miami, for appellant.
Wolpe, Leibowitz, Berger & Brotman, and Steven R. Berger, Miami, for appellees Hofrichter.
Walton Lantaff Schroeder & Carson, and G. Bart Billbrough and Ellen Silver, Miami, for appellees, Ponzoli.
Andrew M. Leinoff, in pro. per.
Before HUBBART, BASKIN and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Roberta Zuckerman, appeals a dismissal of her complaint. We affirm.
The core issue is whether Florida Rule of Civil Procedure 1.540(b) allows a non-party to file an independent action attacking a final judgment that is currently on appeal.
Appellant's husband suffered an adverse judgment which he appealed. Based upon the judgment, the appellees sought to garnish an account held by appellant and her husband as tenants by the entirety. Appellant then filed an independent action to relieve a party from a judgment obtained by fraud upon the court under Florida Rule of Civil Procedure 1.540(b).
Appellant contends she has standing to attack the underlying judgment against her husband because she was affected by it. She further contends that the trial court had jurisdiction to review the judgment because, although that judgment is on appeal, she is not a party to her husband's appeal.
Appellees assert that the complaint was properly dismissed because of improper invocation of equity jurisdiction, lack of jurisdiction in the trial court, lack of standing, and lack of a sufficient basis upon which to maintain an independent action to set aside a judgment.
We determine that appellant's complaint was properly dismissed for three reasons. First, a party may only allege intrinsic fraud in a Florida Rule of Civil Procedure 1.540(b) motion. Intrinsic fraud cannot be alleged in an independent action. DeClaire v. Yohanan, 453 So.2d 375, 379 (Fla. 1984).
Appellant's complaint alleges misrepresentation and collusion, claims which constitute intrinsic, not extrinsic fraud. Wescott v. Wescott, 444 So.2d 495, 497 (Fla. 2d DCA 1984). "Intrinsic fraud ... applies to fraudulent conduct that arises within a proceeding and pertains to the issues in the case that have been tried or could have been tried," whereas "extrinsic fraud occurs where a defendant has somehow been prevented from participating in a cause." DeClaire, 453 So.2d at 377. Thus, appellant's complaint did not state a cause of action as an independent action.
Second, it is well settled that one cannot invoke equity jurisdiction where there is an adequate remedy at law. Terex Trailer Corp. v. McIlwain, 579 So.2d 237 (Fla. 1st DCA 1991); Lake Tippecanoe Owners Ass'n, Inc. v. National Lake Developments, Inc., 390 So.2d 185 (Fla. 2d DCA 1980); Staiger v. Greb, 97 So.2d 494 (Fla. 3d DCA 1957). Chapter 77, Florida Statutes (1991), provides that a third person claiming property subject to a writ of garnishment may move to dissolve the garnishment. Antuna v. Dawson, 459 So.2d 1114 (Fla. 4th DCA 1984). Thus, appellant possessed an adequate remedy at law concerning garnishment and she is precluded from seeking equitable relief.
Third, it is equally well settled that a trial court lacks jurisdiction to proceed on a motion for relief from judgment once appellate jurisdiction is invoked. Ferrara v. Belcher Indus., Inc., 483 So.2d 477 (Fla. 3d DCA 1986); Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3d DCA 1980); Edward J. DeBartolo Corp. v. Dryvit Systems, Inc., 368 So.2d 85 (Fla. 2d DCA 1979). Accordingly, the trial court lacked jurisdiction over the independent action, upon the filing of this appeal.
In sum, we hold that upon the filing of a notice of appeal of a final judgment, a *212 non-party may not pursue an independent action attacking that final judgment. Following affirmance of a judgment on appeal, one may seek relief from the judgment in the trial court, Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla. 1977), unless barred by issue or claim preclusion. Georges v. Insurance Technicians, Inc., 486 So.2d 700 (Fla. 4th DCA 1986).
Appellant's reliance on Pearlman v. Pearlman, 405 So.2d 764 (Fla. 3d DCA 1981), is misplaced. In Pearlman, unlike this case, there was no action concerning the underlying judgment on appeal.
Therefore, because the trial court lacks jurisdiction to review a final judgment now on appeal, because an independent action must be based on extrinsic fraud, and because appellant improperly invoked equity jurisdiction when an adequate remedy at law existed under Chapter 77, Florida Statutes (1991), we affirm the dismissal.
Affirmed.