786 So.2d 9 (2001)
Vernon HETHERINGTON, City of Miami, and Appalachian Insurance Co., Appellants,
v.
Miriam DONNER, Appellee.
No. 3D00-2724.
District Court of Appeal of Florida, Third District.
April 4, 2001.
Rehearing Denied June 13, 2001.
Kubicki Draper and Elizabeth M. Rodriguez, Miami, for appellants.
Arthur J. Morburger, Miami, for appellee.
Before JORGENSON and FLETCHER, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Vernon Hetherington, City of Miami, and Appalachian Insurance Co. (Appalachian), defendants below, appeal the entry of an order granting a default as to liability, striking defendants' pleadings, and imposing monetary sanctions, all ordered in response to plaintiff Miriam Donner's claims of continued and pernicious discovery violations. On the following brief analysis, we reverse.
As a preliminary matter, defendants cite as the basis for this court's jurisdiction Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), providing for the *10 appeal of non-final orders determining liability in favor of a party seeking affirmative relief. On October 12, 2000, that rule subdivision was repealed effective January 1, 2001. Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834, 838 (Fla.2000)(observing "The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2001, at 12:01 a.m.") The instant appeal was filed September 21, 2000. As noted, the order repealing this subdivision affirmatively demonstrates the court's intention to have the repeal take effect on January 1, 2001, and to permit the review of such interlocutory appeals taken before that date, and in the pipeline, i.e., where the notice of appeal was filed before January 1, 2001. See Fogg v. Southeast Bank, N.A., 473 So.2d 1352, 1354 (Fla. 4th DCA 1985)("whether the statutory change is substantive or procedural, a clear statement of legislative intent may, under appropriate circumstances, determine whether the amendment is to have retroactive effect")(Emphasis added.) Consequently, we have jurisdiction to consider the instant appeal. See Eastman Kodak Co. v. Thomas Gordon & Associates, Inc., 789 So.2d 360 n. 2 (Fla. 3d DCA 2001)
Donner filed her action in 1976 seeking damages for injuries arising from her arrest on April 10, 1975, and the circumstances of her incarceration for five days. Donner sued City of Miami, Metro-Dade, Hetherington, the arresting officer, and later added Appalachian. A final judgment was entered against Metro-Dade for $15,000, resolving Donner's claims for conditions suffered during incarceration, however the matter continued against remaining defendants for false imprisonment. Defendants have denied plaintiff's allegations and raised numerous affirmative defenses, however there have been ongoing battles over discovery. February 6, 1996, an order imposing sanctions was issued, the amounts to be set post-trial. March 7, 1996, a second order was issued.
On February 14, 2000, plaintiff sought additional sanctions alleging defendants' fraud on the court and perjury, the violation of orders dated September 21, 1995, February 6, 1996, and March 7, 1996, and the failure to produce a picket sign and police booking records in violation of prior discovery orders. After a hearing on the matter, the trial court entered the order under review, the effect of which was, as stated above, to: 1) strike the pleadings of Hetherington, the City of Miami, and Appalachian; 2) enter default as to liability against these defendants as to Counts I, II and III[1]; 3) preclude the defendants from adducing any testimony or other evidence at trial of the amount of liability; 4) order the defendants to pay Donner $75,000.[2] In response to defendants' motion for reconsideration, that order was modified to make the $75,000 award subject to revision after an evidentiary hearing and to permit the defendants to contest damages within certain enumerated limitations. We agree with the defendants that despite these modifications, the trial court abused its discretion in striking defendants' pleadings and ordering a default as to liability in *11 plaintiff's favor. We reverse and remand for a trial where both sides have the opportunity to make their case before a jury.
Considering the claim of defendants' failure to produce the picket sign and booking records, the record before us contains the un-refuted affidavits of two officers, each concluding that despite a diligent search, the information and objects at issue are unavailable. There is no record that a picket sign was ever logged in as evidence and the police booking records of some twenty five years ago cannot be found. In light of these affidavits, a judgment of liability in favor of plaintiff should not have been ordered for failure to produce what did not or does not presently exist. See Garden-Aire Village Sea Haven, Inc. v. Decker, 433 So.2d 676 (Fla. 4th DCA 1983)(When failure to comply with court order is due to confusion or inability rather than gross indifference, default judgment should not be entered against noncomplying party.)
As to the claim of fraud on the court, no such finding was made. As to the claim that earlier orders had not been complied with, the March 7, 1996 order itself notes that most of the requirements of the Feb. 6, 1996 order had already been met. Courts require that the record demonstrate a party's deliberate and contumacious disregard of the trial court's authority, bad faith, or willful disregard or gross indifference to the trial court's orders before going to the ultimate sanctiondismissal of a cause of action or striking a defendant's defenses; something short of that is an abuse of discretion. See Kilstein v. Enclave Resort, Inc., 715 So.2d 1165, 1169 (Fla. 5th DCA 1998). Again under the instant circumstances, we believe that such deliberate and contumacious disregard of the trial court's authority, a necessary precursor to the ultimate sanction imposed in this case, was not demonstrated. See Clark v. Lake City Police Department, 723 So.2d 901, 902-903 (Fla. 1st DCA 1999)(concluding the granting of default constituted an abuse of discretion absent evidence of a willful failure to comply with discovery order or extensive prejudice to the opposition).
As to the $75,000 ordered to be paid by the defendants, the trial court has correctly recognized its error and arranged for an evidentiary hearing on the matter. See Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505 (Fla. 4th DCA 2000)(An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.)
Accordingly, we reverse the trial court's order striking defendants' pleadings and finding of default. The case is remanded for calculation of attorney's fees for those discovery violations supported by the record. See Tutor Time, 763 So.2d at 505; see also Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997). Ten years ago this court speaking through Judge Jorgenson warned that it was time for the case to get to trial. See Donner v. Appalachian Ins. Co., 580 So.2d 797, 798 (Fla. 3d DCA 1991) ("The public welfare demands that there shall be some definite end to litigation a point sometime, somewhere, when every case is terminated.") Obviously, such a general admonishment was insufficient. We order that the case proceed to trial with all due deliberate speed, on default of which, either party, with a true copy of their pre-trial catalog, may apply to this court for further order.
NOTES
[1] Count I represented Donner's claim for false arrest and false imprisonment, Count II sought punitive damages, and Count III represented Donner's claim under 42 U.S.C.A. § 1983.
[2] While the order itself states only that defendants should make a $75,000 payment, we conclude from the accompanying transcript that the payment was for the purpose of paying plaintiff's attorney's fees incurred as a result of what the court concluded were defendant's deleterious tactics.