STRINGER, Judge.
Smith Original Homes, Inc., challenges the circuit court’s final judgment entered after it struck Smith’s pleadings for failing to pay a $28,000 increase in the transfer bond pursuant to section 713.24(3), Florida Statutes (2000). We reverse because the circuit court imposed the most severe sanction without express statutory authority or any findings of deliberate disregard or gross indifference to the court’s order.
Carpet King Carpets, Inc., brought this lawsuit in county court against Smith Original Homes, a home building company, and Robert and Yvina Fernandez, the purchasers of the home, claiming a breach of contract and seeking to impose a mechanics’ lien on the property. Carpet King alleged that Smith had failed to pay a balance of $6797 for the home’s floor covering.
The parties disagreed about which agreement constituted the controlling contract and whether Carpet King’s licensing status affected its lien rights. They were unable to reach a mediated settlement. In April 2001, Smith deposited $10,739.26 to transfer the lien to the deposited security, representing the amount of the claim of lien, three years’ interest accrual, and anticipated attorney’s fees and costs of about $1700.
Section 713.24, Transfers of liens to security, provides in part:
(1) Any lien claimed under this part may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:
(a) Depositing in the clerk’s office a sum of money, or
(b) Filing in the clerk’s office a bond executed as surety by a surety insurer licensed to do business in this state,
either to be in an amount equal to the amount demanded in such claim of lien, *846 plus interest thereon at the legal rate for 3 years, plus $1,000 or 25-percent of the amount demanded in the claim of lien, whichever is greater, to apply on any attorney’s fees and court costs that may be taxed in any proceeding to enforce said lien....
[[Image here]]
(3) Any party having an interest in such security or the property from which the lien was transferred may at any time, and any number of times, file a complaint in chancery in the circuit court of the county where such security is deposited, or file a motion in a pending action to enforce a lien, for an order to require additional security, ... or any other matter affecting said security. If the court finds that the amount of the deposit or bond in excess of the amount claimed in the claim of lien is insufficient to pay the lienor’s attorney’s fees and court costs incurred in the action to enforce the lien, the court must increase the amount of the cash deposit- or lien transfer bond.
The court subsequently transferred the case to circuit court in July 2002. Prior to the transfer, the county court had denied Carpet King’s motion pursuant to section 713.24(3), Florida Statutes (1999), to require additional security of $30,000 because its attorney’s fees and costs had greatly exceeded the amount it earlier anticipated. Carpet King’s motion included an affidavit demonstrating that it had incurred an additional $26,000 in attorney’s fees and costs and expected to incur an additional $5000 to bring the matter to trial. Following the transfer to circuit court, Carpet King again filed a motion to require additional security, and the circuit court entered an order requiring Smith to deposit an additional $28,000 with the registry of the court.
At the hearing on the additional security, Smith’s counsel expressed to the court that this payment was a “sheer impossibility” and that Smith Original Homes, Inc., was not an ongoing entity. Smith failed to pay the additional security, and Carpet King filed a motion for sanctions to include the striking of Smith’s pleadings. During the hearing,.the court acknowledged that there was no statutory authority for this sanction. It noted, however, that Carpet King had been severely prejudiced in that it once held a mechanics’ lien against a valuable piece of property and now had an inadequate transfer bond.
After the court struck its pleadings, Smith petitioned this court for a writ of certiorari. This court denied relief, see Smith Original Homes, Inc. v. Carpet King Carpets, Inc., 860 So.2d 423 (Fla. 2d DCA 2003) (table decision), the circuit court entered a final judgment, and Smith brought this appeal.
Mechanics’ lien law must be strictly construed. Aetna Cas. & Sur. Co. v. Buck, 594 So.2d 280, 281 (Fla.1992). In 1998, the legislature amended section 713.24(3), Florida Statutes (1997), to add:
If the court finds that the amount of the deposit or bond in excess of the amount claimed in the claim of lien is insufficient to pay the lienor’s attorney’s fees and court costs incurred in the action to enforce the lien, the court must increase the amount of the cash deposit or lien transfer bond.
Ch. 98-135, § 8, at 923, Laws of Fla. The earlier statute included language that permitted any person having an interest in the security to file á complaint or motion in the pending action for an order to require additional security. See, e.g., § 713.24(3), Fla. Stat. (1967); § 84.241(3), Fla. Stat. (1965). Not until 1998 was the relief made compulsory upon an adequate showing that the bond was insufficient. Despite the long history of this statute, there are no cases that address a party’s *847 failure to comply with an order to increase the surety bond. Both parties suggest that this is a case of first impression.
The striking of pleadings in this case is analogous to the striking of pleadings for noncompliance with a court’s order compelling discovery, which is the most severe of all sanctions and should be employed only in extreme circumstances. Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983). Deliberate and contumacious disregard of the court’s authority justifies application of the severe sanction of striking pleadings or entering default for noncompliance with a discovery order, as will bad faith, willful disregard or gross indifference to the court’s order, or conduct which evinces deliberate callousness. Id. Anything short of this standard is an abuse of discretion. Hetherington v. Donner, 786 So.2d 9, 11 (Fla. 3d DCA 2001). When a failure to comply with a court order is due to confusion or inability rather than gross indifference, a default judgment should not be entered against the noncomplying party. Id. (citing Garden-Aire Vill. Sea Haven Inc. v. Decker, 433 So.2d 676 (Fla. 4th DCA 1983)); see also Carr v. Reese, 788 So.2d 1067, 1072 (Fla. 2d DCA 2001). To justify a reversal of sanctions imposed by the trial court for discovery violations, it must be shown on appeal that the trial court clearly erred in its interpretation of facts and the use of its judgment and not merely that another fact finder might have made a different factual determination. Mercer, 443 So.2d at 946. The court’s order should contain an explicit finding of willful noncompliance. Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990).
The Florida Supreme Court in Commonwealth Federal Savings, 569 So.2d at 1273, expressed its loathing to require trial judges to make specific findings of fact in support of their rulings but noted that it had done so in the case of orders which find spouses in contempt for willful nonpayment of alimony. It found the case of sanctions for discovery order violations to be substantially comparable and held that such orders should contain an explicit finding of willful noncompliance.
Carpet King’s decisional authority that demonstrates an express statutory or rule authority for the imposition of sanctions does not concern mechanics’ lien law. There is no express authority for sanctions for failure to pay an ordered increase in the surety bond. Even were we to conclude that the court had some inherent authority to impose the sanction of striking pleadings, it made no findings of willful disregard, gross indifference, or deliberate callousness.
Accordingly, we reverse the order striking pleadings and final judgment and remand for further proceedings.
CASANUEVA and DAVIS, JJ., Concur.