ON MOTION FOR REHEARING

PER CURIAM.
We grant the respondents’ motion for rehearing, withdraw our prior opinion, and substitute the following in its place.
Bayview Construction Corporation (Bay-view), the plaintiff below, filed a petition for writ of certiorari, seeking review of a nonfinal order granting the motion of the defendant Jomar Properties, L.L.C. (Jo-mar) and its surety, Accredited Surety and Casualty Company, Inc., for reduction in transfer bond. We deny the petition.
*911 Bayview sued Jomar for breach of a construction contract and also to foreclose its construction lien against Jomar’s real property. Pursuant to section 713.24, Florida Statutes, Jomar transferred the construction lien to a bond in the amount of $1,602,455.40, which was calculated based on the face amount of the lien, which was $1,014.212.30.
The parties agreed to submit their dispute to binding arbitration. An arbitrator entered an award in Bayview’s favor on the lien, but only in the amount of $633,087.80, reserving jurisdiction as to pre-judgment and post-judgment interest, and the entitlement and amount of attorney’s fees. Thereafter, the arbitrator also awarded Bayview pre-judgment interest in the amount of $82,836.63 and found Bay-view was entitled to attorney’s fees. The trial court confirmed the arbitration award, but a dispute (not relevant here) has prevented the trial court from entering a final judgment.
Meanwhile, in September 2011, Jomar and its surety (the respondents in this proceeding) served a motion for reduction in transfer bond, which was verified by counsel. Based partly on Bayview’s discovery responses, they represented that the amount which Bayview still sought now totaled only $l,297,991.70-which was $304,463.70 less than the amount of the transfer bond. They requested the court to reduce the transfer bond accordingly.
The respondents set their motion for hearing on the trial court’s motion calendar. At the hearing, they argued that the unrebutted evidence showed the bond was too high. Bayview suggested the matter should have been set for an evidentiary hearing and argued against reduction of the transfer bond, asserting that because the case was ongoing, there had been additional attorney’s fees, costs, and interest since it last provided discovery. Bayview represented that the current total was approximately $1,524,985, which was very close to the amount of the bond. It explained that the most by which the transfer bond could be reduced was $77,470.40, but that if the bond were so reduced, then Bayview would have to seek an increase each month for the fees and interest generated that month. Bayview asked the court to consider affidavits which counsel had in hand showing the additional amounts that already had accrued, but the trial court refused to do so unless Bayview were to move for a subsequent hearing. After considering only the arbitrator’s award, attorney’s fees, and pre-judgment interest already determined, the trial court granted the respondents’ motion and reduced the bond amount to $1,297.991.70. The court stated that if additional amounts were proved, Bayview could move to increase the bond, as often as weekly. After the trial court denied Bayview’s motion for rehearing, Bayview sought certiorari relief from this court.[1]
Respondents argue that certiora-ri relief is not available because the trial court’s order reducing the bond will not cause Bayview to suffer material injury for which there is no adequate remedy on appeal. We disagree. Before the issuance of the order, Bayview’s claims against Jomar were secured to the extent of $1,602,455.40; as a result of the order, Bayview’s claims, which continue to accrue, are secured only to the extent of an amount which is $226,993.30 less than the amount it claimed were its damages as of *912 the hearing date. In the event Jomar is unable to pay the difference, or to increase the bond on Bayview’s later request, Bay-view may have no recourse, because a surety is liable only up to the face amount of the transfer bond. Aetna Cas. and Sur. Co. v. Buck, 594 So.2d 280, 283 (Fla.1992) (noting that “the lienor is left with an unsecured judgment against the owner for any costs which exceed the remaining face amount of the bond”); Smith Original Homes, Inc. v. Carpet King Carpets, Inc., 896 So.2d 844 (Fla. 2d DCA 2005) (reversing final judgment entered in favor of carpet company after trial court struck pleadings of home building company for failing to pay increase in the transfer bond; trial court imposed severe sanction without express statutory authority or findings of deliberate disregard or gross indifference to the court’s order). See generally Saul v. Basse, 375 So.2d 290 (Fla. 2d DCA 1979) (granting certiorari relief as to order denying motion by mortgage holders to require foreclosed condominium unit owners to deposit accrued rent into registry of court pursuant to statute which contemplated establishment of secured fund with which to satisfy any monetary judgment, without which petitioners could be required to seek other sources to satisfy any judgment). The prospect that Bayview will be left with a partially unsecured judgment is a harm which is irreparable on final appeal. Therefore, we have certiorari jurisdiction to review the order granting the respondents’ motion.
However, we agree with respondents that the trial court did not depart from the essential requirements of the law by reducing the transfer bond based on the evidence before it. The respondents gave Bayview notice of the evidence supporting their verified motion to reduce transfer bond to be heard at a motion calendar hearing. At the time of the hear-
ing, although Bayview represented that it had affidavits in opposition to the respondents’ motion, it did not file or serve its affidavits before the hearing. Because Bayview had notice that the hearing was not an evidentiary one, it should not have expected to be able to present its affidavits for the first time at the hearing. “An affidavit must be served a reasonable time before the hearing at which it is to be used.” Henry P. Trawiek, Jr., Florida Practice And Procedure § 9:6 (2011 ed.) (citing Tribune Co. v. Approved Personnel, Inc., 115 So.2d 170 (Fla. 1st DCA 1959)). Under the circumstances, we cannot say that the trial court departed from the essential requirements of law in granting respondents’ motion based on what properly was before it at the time of the hearing. Moreover, the trial court invited Bay-view to set another hearing if it wished to present its own affidavits and further advised Bayview it could file a motion to increase the bond as often as weekly.

Petition Denied.

STEVENSON, GROSS and TAYLOR, JJ., concur.

. The petition was timely filed within thirty days after the original order granting defendants’ motion. Because a motion for rehearing is not authorized from a nonfinal order, such a motion does not defer rendition and delay the time for seeking certiorari relief. McGee v. McGee, 487 So.2d 412, 413 (Fla. 4th DCA 1986).