DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FALLON RAHIMA JALLALI,**
Appellant,

v.

**KNIGHTSBRIDGE VILLAGE HOMEOWNERS'
ASSOCIATION, INC.,**
Appellee.

No. 4D14-64

[December 10, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. CACE12-009353 (12).

Alan Martin Medof, Boca Raton, for appellant.

Alan Schwartzseid of Kaye Bender Rembaum, P.L., Pompano Beach, for appellee.

GROSS, J.

The circuit court entered an amended final judgment while the appeal of the original final judgment was pending in this court. We quash the amended final judgment because the circuit court was without jurisdiction to enter it.

This case began with a complaint filed by the appellee homeowner's association to foreclose a claim of lien for the non-payment of dues. The circuit court entered a default final judgment of foreclosure on November 21, 2012. That final judgment was on appeal when appellant filed bankruptcy, triggering an automatic stay.

After the foreclosure case was permitted to proceed, the homeowner's association moved in 2013 to amend the 2012 final judgment. At that time, the appeal from the 2012 final judgment was still pending in this court. The circuit court granted the motion and entered an amended final judgment on December 30, 2013.

The trial court erred in entering the amended judgment because the pendency of the appeal of the 2012 judgment divested the trial court of jurisdiction.

When an appeal is taken, "the lower court [is] divested of jurisdiction to proceed with matters related to the final judgment." *Hudson v. Hofmann*, 471 So. 2d 117, 118 (Fla. 2d DCA 1985) (citing *Wilson Realty, Inc. v. David*, 369 So. 2d 75 (Fla. 2d DCA 1979)). During the appeal's pendency, the trial court lacks jurisdiction "to modify or amend the judgment on appeal," *Brown v. Brown*, 931 So. 2d 251, 251 (Fla. 1st DCA 2006), or "entertain . . . motion[s] pursuant to Florida Rule of Civil Procedure 1.540(b)."[1] *State ex. rel. Schwartz v. Lantz*, 440 So. 2d 446, 449 n.3 (Fla. 3d DCA 1983) (citations omitted); *see, e.g., Zuckerman v. Alex Hofrichter, P.A.*, 630 So. 2d 210, 211 (Fla. 3d DCA 1993) ("[A] trial court lacks jurisdiction to proceed on a motion for relief from judgment once appellate jurisdiction is invoked" (citations omitted)); *Flemenbaum v. Flemenbaum*, 636 So. 2d 579, 580 n.1 (Fla. 4th DCA 1994) ("The pendency of the appeal divested the trial court of jurisdiction to hear the rule 1.540 motion." (citation omitted)). Under such circumstances, the proper recourse is to ask the appellate court to "relinquish[] jurisdiction to the trial court." *Glatstein v. City of Miami*, 391 So. 2d 297, 298 (Fla. 3d DCA 1980) (citations omitted); *see also* Fla. R. App. P. 9.600.

A pending appeal does not entirely nullify a trial court's ability to enter orders on a case. While the appeal is pending, the trial court retains jurisdiction "with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court." *Palma Sola Harbour Condo., Inc. v. Huber*, 374 So. 2d 1135, 1138 (Fla. 2d DCA 1979) (citations omitted). As the third district has explained:

> Whether the trial court lacks jurisdiction depends not simply on the fact that an appeal in the case has been taken and is pending, but rather on the nature of the action being taken by the trial court in relation to the subject matter of the pending appeal. If what the trial court does while the appeal is pending cannot affect or interfere with the subject matter of the appeal, and thus impinge upon the appellate court's power and authority to decide the issues presented to it by the appeal, then the trial court can act. The jurisdiction of the appellate court is exclusive only as to the subject matter of the appeal.

---

[1] Although not stated in its motion to amend, appellee concedes on appeal its motion was filed pursuant to Florida Rule of Civil Procedure 1.540(b)(5).

*Bailey v. Bailey*, 392 So. 2d 49, 52 (Fla. 3d DCA 1981). Thus, for example, a trial court retains jurisdiction to award post-trial attorney's fees since such a ruling "does not interfere with the authority of the appellate court with regard to the matters under consideration in the main appeal." *Schultz v. Schickedanz*, 884 So. 2d 422, 424 (Fla. 4th DCA 2004) (citations omitted).

For these reasons we quash the December 2013 amended final judgment and reinstate the 2012 final judgment.

DAMOORGIAN, C.J., and MAY, J., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***