# Third District Court of Appeal

**State of Florida**

Opinion filed November 16, 2016.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D16-987
Lower Tribunal No. 14-27158

————————————

**Classical & Innovative Designs, Inc.,**
Petitioner,

vs.

**Max South Construction, Inc. and BH Developers, LLC,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Malka & Kravitz, P.A. and Ian T. Kravitz and Harry Malka (Ft. Lauderdale), for petitioner.

Peckar & Abramson and Melinda S. Gentile and Monique S. Cardenas, for respondent Max South Construction, Inc.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

SUAREZ, C.J.

Classical & Innovative Designs, Inc. ("CID") petitions for certiorari

review of the order granting Max South Construction, Inc.'s ("Contractor"),

Motion for Judgment on the Pleadings, dismissing CID's Motion for Leave to Amend, and releasing the cash security posted to secure CID's Claim of Lien to Contractor from the court registry. We grant the petition, finding that the trial court departed from the essential requirements of the law, resulting in irreparable harm that cannot be adequately remedied on final appeal. See Kirlin v. Green, 955 So. 2d 28, 29 (Fla. 3d DCA 2007).

CID was hired as a subcontractor by Contractor to furnish a portion of the work required of Contractor under its direct contract with the owner of the subject real property, BH Developers, LLC ("Owner"). CID claimed that it remained unpaid for finished work and recorded a claim of lien against Owner's real property. Shortly thereafter, Contractor brought action against CID seeking to discharge the construction lien and requesting the Clerk to issue a summons to CID to show cause why the claims of lien should not be enforced by action or vacated and/or cancelled pursuant to Florida Statute Section 713.21(4) (2014). Contractor then transferred CID's lien to cash security pursuant to Florida Statute Section 713.21(2014), thereby releasing Owner's property as security for the claim of lien and replacing security for the claim of lien with the bond.

On June 23, 2015, CID filed a First Amended Complaint for Enforcement and Foreclosure of Claim of Lien. That Amended Complaint contained both Counterclaims against Contractor and Third Party claims against Owner. The Amended Complaint mistakenly asserted a claim for lien foreclosure against the

2

bond in the Third-Party portion of the Complaint, rather than in the Counterclaim, but the count correctly named Contractor as the party against whom relief was sought. Contractor did not respond to the allegations of the lien foreclosure count.

Contractor later moved for judgment on the pleadings, claiming that one year had passed since it transferred the lien to cash security and the time for CID to bring an action against that cash security had lapsed before CID named Contractor as a party to the claim. The trial court granted the motion. We believe, under the circumstances of this case, that was error which caused material injury for which there is no adequate remedy on appeal. See Bayview Const. Corp. v. Jomar Prop., LLC, 97 So. 3d 909 (Fla. 4th DCA 2012).

As required by Florida Statute Section 713.21, within one year of Contractor transferring the construction lien to cash security CID brought an action against that cash security, but through scrivener's error that claim was not placed in the correct portion of CID's Amended Complaint. It is obvious that CID intentionally amended its Complaint after the lien had been transferred to cash security to properly state a claim against Contractor and we find that the scrivener's error at issue here should not deprive CID of its right to make a claim against the cash bond. "The nature and character of a pleading must be determined, not by its title, but by its contents and by the actual issues in dispute." Scarfone v. Marin, 442 So. 2d 282, 283 (Fla. 2d DCA 1983). See also Pub. Health Trust of Miami-Dade Cty v. Acanda, 71 So. 3d 782, 785-86 (Fla. 2011) ("We reject the use of … 'gotcha'

3

tactic[s] to dispose of potentially meritorious causes of action… Causes of action should be decided on their merits, and not as the result of 'surprise, trickery, bluff, and legal gymnastics'").

Further, when the scrivener's error became clear to CID, it properly moved to amend its Amended Complaint to move the lien foreclosure to the Counterclaim portion of its proposed Second Amended Complaint. The trial court should have granted that motion. "Where there is no doubt regarding the identity of the party intended to be named, it is not unfair or unjust to permit a plaintiff to correct its pleading particularly because the defendant suffers no prejudice." Arch Specialty Ins. Co. v. Kubicki Draper, LLP, 137 So. 3d 487, 491 (Fla. 4th DCA 2014).

For the foregoing reasons, we grant the petition for certiorari, reverse the trial court's order and remand with directions to vacate that order, to issue an order granting Petitioner's Motion for Leave to Amend relating back to the date that the First Amended Counterclaim and Third Party Complaint was filed, and ordering that the cash security be reposted to the court registry within ten days.