MILLEDGE, STANLEY, Associate Judge.
 One of the issues properly submitted to the jury under appropriate instruction was whether the defendant-motorist had a last clear chance to avoid hitting the plaintiff-pedestrian who was crossing a four-lane highway in the dark. From an adverse judgment based on a jury verdict, the plaintiff appeals, complaining of the rejection of proffered testimony of a traffic expert to show the time it took for the plaintiff to cross the range of the defendant’s vision, and to show the stopping time of the defendant’s automobile. An eye witness, on whom both sides relied, observed the plaintiff crossing the highway from the defendant’s left to her right, walking “fast.” After crossing in front of defendant’s vehicle, plaintiff was struck a glancing blow by the right front fender of the automobile. Defendant estimated her speed at thirty miles per hour.
The question for the jury was whether the defendant had a reasonable opportunity, under all the circumstances, to avoid hitting the plaintiff, after she was, or should have been, aware of the dangerous position in which the plaintiff’s negligence had placed him. To do this, the jury needed all the evidence they could get to determine the defendant’s distance from the plaintiff when the point of defendant’s duty began. The jury did not need an expert to translate thirty miles per hour into forty-five feet per second, but it is not a matter of common knowledge as to the average person’s *626 reaction time .or the distance required to stop a given vehicle at a given speed under given conditions of road surface. Having the benefit of.expert opinion evidence, the jury could better estimate whether the defendant did or did not have a reasonable opportunity to avoid the harm,. While obviously the defendant had no great amount of available time, we cannot hold that the exclusion was harmless in view of the fact that it was not necessary to come to a complete stop to avoid the harm, since the plaintiff lacked a single step, with no slackening of speed, from achieving safety after his hazardous crossing.
The judgment is reversed and the cause remanded for a new trial consistent with the views expressed.
Reversed and remanded.
HORTON, C. J., and PEARSON, TILLMAN, J., concur.