292 So.2d 610 (1974)
HARDWICKE COMPANIES, INCORPORATED, et al., Appellants, and
Polly Amy Knowles, As Administratrix of the Estate of James A. Knowles, Deceased, and James A. Knowles, Inc., Cross-Appellants,
v.
Leonard Freed et al., Appellees.
Nos. 73-328 and 73-329.
District Court of Appeal of Florida, Second District.
March 27, 1974.
*611 William C. Frye, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellants Hardwicke Companies, Incorporated, James J. Murray Investments, Valerie Sexton, Warner LeRoy, Harris J. Ashton and Gerald Breslauer, as trustee; Daniel J. Sullivan, Lovejoy, Wasson, Lundgren & Ashton, New York City, of counsel.
Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellant Ben L. Harrison.
William F. McGowan, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for cross-appellants.
Michael L. Hastings, Parker, Battaglia, Parker, Ross & Stolba, St. Petersburg, for appellees Freed, Kenet & National Medical Center, Inc.
Richard L. Lapidus, Lapidus & Hollander, Miami, for appellee Maxwell L. Dauer.

ON PETITION FOR REHEARING
BOARDMAN, Judge.
Following review of the petitions for rehearing and the responses filed thereto and affidavits, consideration of the briefs asserting the contentions of the parties, oral argument having been heard, the opinion filed heretofore in this cause on January 16, 1974, be and the same is hereby withdrawn.
We had granted rehearing on the following issues:
WHERE A PROPOSED COMPROMISE SETTLEMENT IS PRESENTED TO A TRIAL COURT, WHICH PROPOSAL INCLUDES THE CANCELLATION OF A COUNTERCLAIM, IS IT ABUSE OF JUDICIAL DISCRETION TO APPROVE THE SETTLEMENT AS TO ALL POINTS CONTAINED THEREIN OTHER THAN THE COUNTERCLAIM AND PRESERVE THE COUNTERCLAIM FOR INTERVENORS?
IN THE INSTANT CASE WAS THIS QUESTION RENDERED MOOT BY THE CONDUCT OF COUNSEL FOR THE RESPECTIVE PARTIES?
and requested counsel for the parties to file briefs addressed to these issues.
Appellants/intervenors' brief contained extensive argument on the importance of newly discovered evidence, namely that the cross-appellants (Polly Amy Knowles, as Administratrix of the Estate of James A. Knowles, Deceased and James A. Knowles, Inc.) had an outstanding contract to sell their shares of stock to appellees, National Medical Center, Inc., at the time the settlement was entered into between appellees and cross-appellants. Subsequent to the filing of the briefs and prior to oral argument, the appellants submitted an affidavit to this effect dated March 14, 1974, executed by their special counsel on a motion pursuant to Rule 3.6, subd. l., F.A.R., 32 F.S.A. Cross-appellants, at the time of oral argument, submitted to this court an affidavit in opposition to appellants' affidavit referred to above. We have not considered *612 said motion and the response thereto for the reason that we did not believe that the issue can properly be raised in this court at this stage of the proceedings under Rule 3.6, subd. l., supra. This finding is reached, however, without prejudice to the rights of appellants to submit this issue to the trial court on a motion pursuant to Rule 1.540(b)(2), RCP, 31 F.S.A., which in pertinent part provides:
... newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; ... .
Further, Rule 1.540(b) provides:
... The motion shall be made ... for reasons . .. (2), and ... not more than one year after the . .. order ... was entered... .
For the reason assigned, jurisdiction of this court in this case is relinquished to the trial court temporarily and appellants are granted leave to file a motion pursuant to Rule 1.540(b)(2), RCP, and the trial court is to hold such evidentiary hearing as may be deemed appropriate and proper.
We do not intend to prejudge the nature of the proceedings or rulings of the trial court that may be taken or entered in accordance herewith. The action we take here is only to insure that substantial justice is accorded the parties concerned. It may very well be that the trial court may also think it advisable to determine the validity of the counterclaim filed by the appellees against the cross-appellants.
Accordingly, the parties are directed to file with this court a certified copy of such order as the trial court may enter and a certified copy of the transcript of the proceedings upon which the order is predicated not later than May 6, 1974. It is so ordered.
MANN, C.J., and McNULTY, J., concur.