341 So.2d 1049 (1977)
REDWING CARRIERS, INC., Appellant,
v.
Robert E. WATSON and Yvonne G. Watson, His Wife, Appellees.
Robert E. WATSON and Yvonne G. Watson, His Wife, Appellants,
v.
REDWING CARRIERS, INC., a Florida Corporation, Appellee.
Nos. 75-1747, 75-1794.
District Court of Appeal of Florida, Fourth District.
January 28, 1977.
*1050 Gary H. Rushmer, of Akerman, Senterfitt, Eidson & Wharton, Orlando, for Redwing Carriers, Inc.
Janis M. Halker, of Gurney, Gurney & Handley, Orlando, for Robert E. Watson and Yvonne G. Watson.
SCHWARTZ, ALAN R., Associate Judge.
These consolidated appeals arise out of a head-on collision which occurred on December 30, 1971, on State Road 50 between a truck operated by Robert E. Watson in the course of his employment with Neway Uniform and Towel Supply of Florida, Inc. and another operated by Alvan C. Clements while he was employed by Redwing Carriers, Inc. Clements and Watson were both badly injured, and both vehicles were severely damaged. In 1972 Clements, joined by his wife, who asserted a derivative claim, sued Watson and Neway for Clements' personal injuries. This suit was settled by Neway and Watson's insurance carrier, Travelers Insurance Company, before trial, for $40,000; Travelers apparently also, without suit, settled Redwing's own property damage claim for $10,310. At about the time that the Clements suit was settled in the Orange County Circuit Court, the trial court specifically granted leave for Watson and his wife to assert their claims, which were then filed in a separate suit, against Redwing for the personal injuries and damages sustained by them. The latter case  that is, the action by the Watsons against Redwing Carriers, Inc. as the sole defendant  went to a lengthy and hotly contested jury trial. At its conclusion, the jury determined that Watson had been 65% at fault in the causation of the accident and assessed his total damages at $560,000 and those of his wife at $40,000. Final judgment was therefore initially entered against Redwing for Mr. Watson in the amount of $196,000 and for Mrs. Watson for $14,000. After its post-trial motions had been denied, with the exception we shall shortly consider, Redwing appealed from the judgments against it. That appeal is before us as Case No. 75-1747.
The trial judge did grant one post-trial motion filed by Redwing. In it, Redwing asserted its entitlement to a set-off, that is to a reduction of its liability on Mr. Watson's judgments against it, in the amounts which had been paid by Travelers to Clements for his personal injuries and to Redwing itself for its property damage. Assertedly upon the ground that the defendant would have been entitled to these set-offs had the suits in question been tried together and upon the basis that Watson should not gain an advantage by having filed a separate suit, the trial court granted this motion, it would seem, in its entirety. This action has been challenged by the Watsons' cross-appeal in Case No. 75-1794.
On Redwing's appeal in Case No. 75-1747, we affirm the judgment below. The only point raised which deserves discussion *1051 concerns the trial judge's action in permitting the plaintiff's "accident reconstruction expert," Donald Wall, to give his expert opinion that the Redwing truck driver had been "able to take evasive action ..." so as to avoid the accident. We think, first, that the facts contained in the hypothetical question propounded to Wall were properly based upon a version of the testimony of eye witnesses which the jury had the right to accept. Mutual Benefit Health & Accident Assn. v. Bunting, 133 Fla. 646, 183 So. 321 (1938). Hence, Redwing's reliance upon such cases as Autrey v. Carroll, 240 So.2d 474 (Fla. 1970), in which the hypothetical "facts" were themselves merely expert opinions, is misplaced. Nor do we agree with the familiar contention that the expert's opinion "invaded the province of the jury." We read Wall's testimony as essentially concerning what physically could have been done under the circumstances, which is a permissible subject of an expert opinion such as this one, e.g., Kerr v. Caraway, 78 So.2d 571 (Fla. 1955); Mathews v. Carlson, 130 So.2d 625 (3 D.C.A. Fla. 1961); Seibels, Bruce & Co. v. Giddings, 264 So.2d 103 (3 D.C.A. Fla. 1972); rather than expressing a view as to whether Clements did what he should have done, which is an impermissible one. See Smaglick v. Jersey Ins. Co. of N.Y., 209 So.2d 475 (4 D.C.A. Fla. 1968).[1]
On the Watsons' cross-appeal, we reverse the order granting Redwing's motion for set-off. It is obvious that, no matter what the procedural situation, Redwing should not be able to claim credit as to a judgment against it (and Watson should not suffer) because of money paid in settlement by Watson and his employer's insurance company to the defendant's employee, Clements, for damages sustained personally by him and his wife.[2] Nor can there be any basis for granting the defendant a double recovery for its own property damage, first in the form of cash in hand, and then as a reduction of the damages it owes Watson for his own damages. Any question concerning the impropriety of both "set-offs" has been entirely dissipated by the Supreme Court's very recent decision, on rehearing granted, in Stuyvesant Ins. Co. v. Bournazian, 342 So.2d 471 (Fla.Sup.Ct., opinion filed, Dec. 16, 1976). The Court there emphasized that the "set-off" concept enunciated in Hoffman v. Jones, 280 So.2d 431, 439 (Fla. 1973), does not affect the obligations of liability insurance carriers and indeed applies solely to cases in which identical *1052 entities are the only parties involved as plaintiff and counter-claimant. This case presents an a fortiori situation to the one involved in Bournazian, which alone requires reversal on these issues.
In accordance with these views the order granting the defendant's motion for set-off is reversed. The judgments entered against Redwing, in accordance with the jury verdict, for Mr. Watson in the amount of $196,000, and for Mrs. Watson in the amount of $14,000 are affirmed, without prejudice to the trial court's consideration of a motion filed before it under Rule 1.540(b).[3]
Affirmed in part, reversed in part.
DOWNEY, J., and MORROW, RUSSELL O., Associate Judge, concur.
NOTES
[1] In its direct appeal, Redwing also asks us, in effect, to reconsider a ruling we made at a much earlier stage of the case. Soon after the notices of appeal had been filed, the defendant filed in this court a motion to remand the cause to the trial court, for its consideration of a motion under Fla.Rule Civ.Proc. 1.540(b) for relief from the judgment entered against Redwing. The basis for the proposed motion was the newly discovered claim that the person who eventually became the foreperson of the jury had made material misrepresentations in answer to questions propounded her on voir dire examination. After consideration, we denied the motion to remand, and the Supreme Court denied certiorari directed to this determination. Later, the trial court also (properly) denied, for lack of jurisdiction and because of our ruling, Redwing's Rule 1.540(b) motion to proceed there.

While the appeal from the judgment was pending, it was perhaps proper, as a matter of judicial economy, for us to deny the motion to remand on the theory that a Rule 1.540(b) proceeding would serve no purpose if we were to reverse the judgment on the issues before us and require a new trial anyway. Now that we have determined otherwise, that ground for denial no longer obtains. We have therefore reconsidered the merits of the proposed motion under Rule 1.540(b). Although we indicate no opinion whatsoever concerning the eventual outcome of the proceeding, we do hold that the motion states a prima facie case, see Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (2 D.C.A. Fla. 1972), and that the defendant is entitled to an evidentiary hearing on its merits before the trial judge. Accordingly, our determination of these cases is specifically without prejudice to Redwing's filing and the trial court's determining such a motion. Furthermore, since the defendant's original application to us for this relief was obviously timely made, we specifically hold that the one-year time limitation applicable under Rule 1.540(b)(1-3) was tolled by the filing of Redwing's motion to remand in this court on November 5, 1975.
[2] Under the trial court's rationale, if the cases had been tried together, Clements would have been entitled to no judgment at all even though he was himself not even made a party defendant in Watson's claim against Redwing.
[3] The pendency of this motion does not of course affect the finality or enforceability of the judgment against Redwing as affirmed today. Rule 1.540(b).