MILLS, Chief Judge.
This is the second appearance of this case on appeal. The first appeal was taken from an order of the trial court granting a new trial. After jurisdiction had vested in this Court, this Court entered an order relinquishing jurisdiction for thirty days so that the trial court could enter an order specifying the grounds for having granted the new trial as required by Rule 1.530(f), Fla.R. Civ.P. The trial court never entered such an order. Subsequently, this Court affirmed the order granting the new trial. A. A. Rosier-Rooter, Inc. v. Joyner, 351 So.2d 409 (Fla. 1st DCA 1977). After this Court had affirmed the order granting the new trial, appellees filed a “Motion to Rescind Order of New Trial and Enter Judgment” and this motion was granted by the trial court. It is from this latter order that the present appeal is taken. We reverse.
Under the facts of this case, the trial court was without the authority to withdraw the order granting the new trial. Although we recognize that the trial court may entertain a timely motion under Rule 1.540(b), Fla.R.Civ.P., after an order has been affirmed on appeal, Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla.1977), such an exception is not applicable to the case, at bar. The motion filed was not a 1.540(b) motion but was merely an attempt to convince the trial court to grant the relief which had been denied by the appellate court.
REVERSED and REMANDED for a new trial.
McCORD and SHIVERS, JJ., concur.