391 So.2d 297 (1980)
Dr. Philip GLATSTEIN, Lynn Glatstein, Leonard Turkel and Annsheila Turkel, Appellants,
v.
The CITY OF MIAMI, a Florida Municipal Corporation, and Diplomat World Enterprises, Ltd., a Limited Partnership under the Laws of the State of Florida, Appellees.
No. 80-1445.
District Court of Appeal of Florida, Third District.
December 9, 1980.
*298 Hall & Hauser and Gail V. Ferrington, Miami, for appellants.
George F. Knox, Jr., City Atty. and Mikele S. Carter, Asst. City Atty., Aronovitz & Weksler and Bernard B. Weksler, Miami, for appellees.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm the trial court's order denying, for lack of jurisdiction, the appellants' motion, pursuant to Florida Rule of Civil Procedure 1.540(b), to set aside a final judgment against them.
When appellants' Rule 1.540(b) motion was filed in and ruled upon by the trial court, their appeal from the final judgment was pending in this court. The pendency of that appeal divested the trial court of jurisdiction to entertain the motion in the absence of our having relinquished jurisdiction to the trial court for that purpose. Leo Goodwin Foundation, Inc. v. Riggs National Bank of Washington, D.C., 374 So.2d 1018 (Fla. 4th DCA 1979)[1]; Redwing Carriers, Inc. v. Watson, 341 So.2d 1049 (Fla. 4th DCA 1977); Hardwicke Companies, Incorporated v. Freed, 292 So.2d 610 (Fla. 2d DCA 1974); Hutchison v. Wintrode, 286 So.2d 231 (Fla. 2d DCA 1973).
The trial court's order denying appellants' Rule 1.540(b) motion is affirmed without prejudice to appellants renewing the motion in the trial court when their appeal from the final judgment is concluded. Our prior order refusing to relinquish *299 jurisdiction to the trial court does not constitute an expression of our views on the merits of appellants' Rule 1.540(b) motion. Moreover, appellants' motion to relinquish, although denied by us, tolls the one-year time limitation under Rule 1.540(b)(1-3). See Redwing Carriers, Inc. v. Watson, supra. Compare Seven Up Bottling Company of Miami, Inc. v. George Construction Corp., 153 So.2d 11 (Fla. 3d DCA 1963) (holding that the one-year limitation of Rule 1.540 is not tolled by the filing of the appeal).
Affirmed.
NOTES
[1] In Goodwin, the court noted that the rule of Ohio Casualty Group v. Parrish, 350 So.2d 466 (Fla. 1977), that relinquishment of jurisdiction to the trial court is not required, applies only when the appeal is no longer pending and the appellate court has issued its mandate. Of course, based on other jurisdictional considerations, a trial court may not entertain a postmandate motion, made under the guise of Rule 1.540(b), which seeks the very same relief which the appellate court has denied. Joyner v. Ettlinger, 382 So.2d 31 (Fla. 1st DCA 1980).