FERGUSON, Judge.
In March 1983, after a nonjury trial, the court entered a judgment awarding the ap-pellee $22,000 in damages on a finding that she had been defrauded by the appellant in a commercial transaction. In December 1987, an administrative tribunal found the appellant not guilty of professional misconduct charges, brought by the Florida Department of Banking and Finance, arising out of the same transaction. It was alleged, in the administrative charges, that the appellant had violated professional standards as a bank officer. Finding that the appellee was not a credible witness, the administrative hearing officer recommended a denial of the Department’s petition to remove the appellant from his position as a bank officer. The State Comptroller and Head of the Department of Banking and Finance entered a final order dismissing the administrative charges. Armed with that administrative disposition, the appellant sought relief from the earlier judgment, relying on Florida Rule of Civil Procedure 1.540(b)(5) which provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: ... (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer *727 equitable that the judgment or decree have prospective application.
We affirm for the following reasons. First, the judgment of the trial court was not based upon, nor was it dependent upon, any findings made by the administrative tribunal. See Jacksonville Maritime Ass’n v. City of Jacksonville, 551 F.Supp. 1130 (M.D.Fla.1982) (where an agency determination will not materially aid the court, judiciary need not defer its ruling). Second, the finding of the administrative tribunal that the appellant did not violate his responsibilities as a bank officer, is separate from the question decided in the trial court, i.e., whether the appellant, as co-venturer with the appellee, and unrelated to his position as a bank officer, took advantage of the appellee, by misleading words or conduct, inducing her to part with her funds in reliance on his fraudulent misrepresentations. An administrative action brought by the state in the public interest is distinct from a private action seeking compensation for damages based on the same occurrence. See Albrecht v. State, 444 So.2d 8 (Fla.1984), superseded by statute on other grounds as stated in, Bowen v. Dep’t. of Envtl. Reg., 448 So.2d 566 (Fla. 2d DCA 1984).
In addressing the single issue presented by this appeal, we conclude that there is no clear showing of abuse of discretion by the trial court in its ruling that the facts developed at the administrative hearing were not of such a nature that execution of the judgment would be against good conscience. Weitzman v. F.I.F. Consultants, Inc., 468 So.2d 1085 (Fla. 3d DCA) (citing 30 Am.Jur.2d Executions § 636 (1967)), rev. denied, 479 So.2d 117 (Fla.1985).
Affirmed.