702 So.2d 556 (1997)
ARCH SOUTHEAST COMMUNICATIONS, INC., Appellant,
v.
ABRAHAM COMMUNICATIONS, INC., Appellee.
No. 97-00207.
District Court of Appeal of Florida, Second District.
November 14, 1997.
*557 Marie Tomassi and Stanley H. Eleff of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill and Mullis, P.A., Tampa, for Appellant.
Hala A. Sandridge of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellee.
FRANK, Judge.
Arch Southeast Communications, Inc., has appealed from a final judgment entered in favor of Abraham Communications, Inc. The trial court determined that Arch was precluded by law of the case from challenging the validity of an agreement upon which Abraham had sued Arch. We reverse. Neither the facts nor applicable law will sustain the conclusion that Arch's counterclaim and defenses should have been barred.
The dispute began when Arch contracted with Abraham to buy a paging and voice mail system that had been operated by Abraham in Hillsborough County. The purchase and sales agreement contained a clause providing for the escrowing of a portion of the sales proceeds and their distribution depending upon adjustment of the sales price geared to recurring revenues accruing within a certain test period. When controversy arose between the parties regarding the disposition of the escrowed funds, Abraham filed suit based upon the claim that an oral agreement had been breached authorizing release of the funds. Arch moved to compel arbitration, contending that both the asset purchase agreement and the escrow agreement provided for arbitration of the questions whether and to what extent the purchase price should be adjusted. Abraham opposed the motion, asserting that the oral agreement superseded the written contracts and thus arbitration was not available.
After a hearing, the trial court denied Arch's motion to compel arbitration, finding that:
In addition to the other matters argued at the hearing by counsel for the Plaintiff, the Court finds that portions of paragraph 5 of the Escrow Agreement attached to the Defendant's motion clearly provide for disputes such as this to be litigated before a Court of competent jurisdiction, not only by "third parties," but also by the parties to the Escrow Agreement.
Arch initiated an interlocutory appeal; this court affirmed without an opinion.
Arch then filed an answer, affirmative defenses, and a counterclaim, denying the existence, validity, and enforceability of the alleged oral settlement agreement. Abraham moved to dismiss the counterclaim, claiming that law of the case precluded Arch from such a challenge. The trial court agreed with Abraham and dismissed the counterclaim. The matter then proceeded to a trial on the issue of whether Arch breached the settlement agreement and the extent of damages sustained from that breach, if any. Abraham once again prevailed; final judgment was entered in its favor for the full amount of the escrowed funds, plus interest.
The central issue in this case is whether the parties entered into a valid oral *558 agreement settling the disposition of the escrowed money. This issue was never litigated. Rather, the party asserting the invalidity or nonexistence of that alleged agreement, Arch, moved to arbitrate the conflict based upon the language in the central written agreement purportedly requiring such an alternative technique for resolution. It was Abraham's theory that the oral agreement superseded the written agreement; Arch never stipulated to that finding or conceded its validity in any way. The focus of the trial court's determination to deny arbitration was upon the language in the written documents requiring access to the courts. Although the trial court mentioned "other matters argued at the hearing by counsel for Plaintiff [Abraham]" as grounds for its decision to deny arbitration, no evidence as to the existence or validity of the oral agreement was presented at that hearing. The PCA issued by this court in an earlier matter affirmed the decision of the trial court; it did not transform the theories of the litigants into decisions on the merits that became law of the case.
Our conclusion is supported by the arguments of the parties at the hearing on the motion to compel arbitration. Abraham's counsel asserted vigorously that arbitration based upon the written contract language would usurp Abraham's opportunity to go to court and prove that there was a settlement agreement. Arch had moved to stay and to compel arbitration immediately after the filing of the present complaint. At that point Arch had not even denied that there was a separate agreement, because the litigation had not reached that stage. Now, through the guise of law of the case, Abraham has convinced the trial court that the focal issue of the entire litigation had been decided by the denial of the motion to compel arbitration and this court's affirmance of that denial. Arch never had occasion to argue or present evidence tending to prove theories such as whether the alleged oral agreement was the result of a substantial mistake on the part of company representatives not familiar with the required escrow calculations, or whether Abraham's representatives made substantial misrepresentations. Because Arch had not even pleaded its affirmative defenses and counterclaim at the time of the ruling on the motion to compel arbitration, neither the trial court nor this court could have ruled upon the factual or legal sufficiency of Arch's defenses.
We are mindful that a PCA can establish law of the case:
Even though it consists only of citations of authority without further explanation, a per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determines all issues necessarily involved in the appeal, whether mentioned in the court's opinion or not.
New England Insurance Co. v. International Bank of Miami, N.A., 537 So.2d 1025, 1025 (Fla. 3d DCA 1988); see also Jacobson v. Humana Medical Plan, Inc., 636 So.2d 120 (Fla. 3d DCA 1994). In the interlocutory appeal from the denial of the motion to compel arbitration, the issue "necessarily involved in the appeal" was whether the alleged oral contract on which the complaint had been based required arbitration of the dispute. This court's decision to affirm the trial court resolved only that the circuit court and not an arbitral board was the appropriate forum for resolution of the allegations of the complaint. Those very allegations, the affirmative defenses, and the counterclaim had not been litigated. Here, as in Ladner v. Plaza Del Prado Condominium Ass'n, Inc., 423 So.2d 927 (Fla. 3d DCA 1982), in which the Third District had reversed an order granting a preliminary injunction, law of the case does not bind the parties as to those findings and conclusions based on a less-than-full hearing.
Accordingly, the final judgment is reversed. This cause is remanded with directions for the trial court to reinstate Arch's counterclaim and affirmative defenses and for further proceedings.
PARKER, C.J., and FULMER, J., concur.