792 So.2d 1271 (2001)
ANALYTE DIAGNOSTICS, INC., Simplex Medical Systems, Inc., Henry B. Schur and Nicholas G. Levandoski, Appellants,
v.
Joseph P. D'ANGELO, Americare Transtech, Inc., a Delaware corporation, Americare Biologicals, Inc., a Florida corporation, International Medical Associates, Inc., a Florida corporation, Technical Chemicals & Products, Inc., A Delaware corporation, Jack L. Aronowitz, and John H. Faro, Appellees.
No. 4D00-4299.
District Court of Appeal of Florida, Fourth District.
September 5, 2001.
John R. Kelso of Levey, Airan, Brownstein, Friedman, Roen & Kelso, LLP, Coral Gables, for appellants.
Zoe Kirkorian, Miami, for Appellees-Joseph P. D'Angelo, Americare Transtech, Inc., Americare Biologicals, Inc., and International Medical Associates, Inc.
*1272 PER CURIAM.
Appellants (defendants below) appeal the trial court's denial of their Florida Rule of Civil Procedure 1.540 motion to vacate judgment. We conclude that the trial court erroneously applied the law of the case doctrine to the issues raised in the motion and, accordingly, reverse.
A final judgment was entered in favor of Appellees (plaintiffs below) and was appealed to this court by Appellants. During the pendency of that appeal, Appellants allegedly became aware of facts which might suggest fraud on the trial court by one of the appellees. Appellants sought, but were denied, relinquishment of this court's jurisdiction to permit the trial court to rule on their rule 1.540 motion. Subsequently, this court issued its per curiam affirmance of the final judgment on appeal. Schur v. D'Angelo, 757 So.2d 510 (Fla. 4th DCA 2000).
After the appeal was completed, Appellants filed their motion to vacate judgment, citing as grounds the alleged fraud on the court. The trial court determined that because this court had denied the motion to relinquish jurisdiction to consider the alleged fraud on the court and, further, because the issue had been raised in the parties' briefs, that the per curiam affirmance of the final judgment had effectively resolved the issues raised in the rule 1.540 motion and constituted the law of the case.
The doctrine of the law of the case is applied to issues actually considered and decided by a former appeal involving the same case. Two M Dev. Corp. v. Mikos, 578 So.2d 829 (Fla. 2d DCA 1991). Here, however, even though the issue was presented to this court, it was not properly before it as the question had neither been considered nor ruled upon below. See Hollywood, Inc. v. Clark, 153 Fla. 501, 15 So.2d 175 (1943). Furthermore, the denial of the motion to relinquish jurisdiction cannot be considered a decision on the merits of the claim for which relinquishment is sought. See State v. Meneses, 392 So.2d 905 (Fla.1981); Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3d DCA 1980); Hardwicke Cos. v. Freed, 292 So.2d 610 (Fla. 2d DCA 1974). Therefore, it is apparent that the merits of the issues raised in the motion to vacate were never considered by this court; hence, the per curiam affirmance of the final judgment does not bar the trial court's consideration of the motion to vacate.
Reverse and remand for further proceedings consistent with this opinion.
POLEN, C.J., STONE, J., and MARRA, KENNETH A., Associate Judge, concur.