943 So.2d 309 (2006)
Anamarie Kelly STOPPA, Appellant,
v.
SUSSCO, INC., Appellee.
Nos. 3D05-2490, 3D05-829.
District Court of Appeal of Florida, Third District.
December 6, 2006.
Manuel Vazquez, Coral Gables, for appellant.
*310 Carlton Fields and Jeffrey Michael Cohen and Nancy C. Ciampa, Miami, for appellee.
Before CORTIÑAS, ROTHENBERG, and LAGOA, JJ.
LAGOA, Judge.
Anamarie Kelly Stoppa ("Stoppa") appeals from two orders. These appeals have been consolidated before the Court. The first order granted Sussco, Inc.'s ("Sussco") Motion to Require Compliance with Final Judgment and to Establish Procedure for Closing (hereinafter "First Order" or "Case Number 05-829"). Stoppa argues that, pursuant to Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004), and its progeny, the trial court erred in adopting Sussco's proposed First Order.[1]
The trial court's second order denied Stoppa's Emergency Motion for Relief from Final Judgment of Specific Performance (hereinafter "Second Order" or "Case Number 05-2490"). Stoppa argues that the trial court erred in concluding that it lacked jurisdiction to hear Stoppa's Emergency Motion. As set forth below, we affirm both Orders.
I. STANDARD OF REVIEW
We review both a post-judgment order enforcing compliance with a final judgment and a denial of a Rule 1.540(b)(5) motion for abuse of discretion. See Buckley Towers Condominium, Inc. v. Buchwald, 340 So.2d 1206, 1208-09 (Fla. 3d DCA 1976)(former); See Pozo v. Prada, 563 So.2d 726, 727 (Fla. 3d DCA 1990)(latter).
II. FACTUAL AND PROCEDURAL HISTORY
A. Case Number 05-829
In 1995 and 1996, Sussco made various loans to Stoppa in exchange for promissory notes and a third mortgage on Stoppa's home. Subsequently, the parties entered into a $615,000 contract for the sale and purchase of Stoppa's home. Stoppa defaulted on Sussco's mortgage and Sussco began foreclosure proceedings in the trial court below. Sussco later amended its complaint to add a claim for specific performance relating to the sales contract.
On April 22, 2002, after a bench trial, the trial court entered a Final Judgment for Specific Performance requiring Stoppa to sell her home to Sussco in accordance with the contract. The trial court reserved jurisdiction to enforce the provisions of the Final Judgment. Stoppa appealed the Final Judgment and this Court affirmed the trial court in Stoppa v. Sussco, Inc., 851 So.2d 171 (Fla. 3d DCA 2003).
Following this Court's affirmance, Stoppa filed a bankruptcy proceeding and thereby automatically stayed the trial court's action. Sussco sought relief from the automatic stay in order to enforce the Final Judgment, and, on December 16, 2003, the bankruptcy court granted Sussco relief from the automatic stay.
On April 30, 2004, Sussco filed a Renewed Motion to Require Compliance with Final Judgment and to Establish a Procedure for Closing. On August 12, 2004, the trial court deferred ruling on the motion in order to allow the parties time to establish the exact sums to be paid under their *311 contract after satisfying existing mortgages and liens.
On September 24, 2004, in response to the trial court's inquiry, Sussco filed a Motion for Clarification with the bankruptcy court regarding its earlier order granting relief from the automatic stay. On November 2, 2004, the bankruptcy court granted Sussco's motion, modifying the automatic stay to allow Sussco to enforce its Final Judgment of Specific Performance, and specifically authorizing the trial court "to require compliance with the Final Judgment and establish procedures for closing including establishing the exact sums that will be paid from the [$615,000] purchase price toward the first mortgage, the second mortgage, and the Sussco third mortgage, including principal, accrued interest . . . additional fees, costs, and expenses authorized by those mortgages."
On March 9, 2005, the trial court held a hearing on Sussco's Amended and Renewed Motion to Require Compliance with Final Judgment and to Establish Procedure for Closing. Sussco presented evidence establishing the amounts both due on superior liens and due to Sussco under the mortgage. While addressing the issue of transfer of title, the trial judge stated:
Generally speaking, what happens with these types of things is [Stoppa's] given a certain amount of time after the judgment becomes final, which in this case it did, but then there's a bankruptcy, and then she's given time to transfer.
And if she doesn't, then the Court appoints a special master, or the judgment basically says after 30 days  after you give her 30 days, if she doesn't do it, this judgment shall serve as [a] conveyance.
At the conclusion of the hearing, Sussco presented to the trial court a proposed order entitled "Final Judgment Vesting Title." The proposed order contained language immediately transferring the property to Sussco, pursuant to Florida Rule of Civil Procedure 1.570(d), declaring Sussco the fee simple owner of the property, and setting forth amounts to be credited to Sussco for payments made on superior mortgages and liens. The proposed order also contained blank spaces, which the trial court was to fill with the total amount of debt owed to Sussco under its mortgage. The trial judge stated that she would read the proposed order and determine what to do in the case pursuant to the bankruptcy court's clarification.
The next day, the trial court entered an order entitled "Order Granting Plaintiff's Motion to Require Compliance With Final Judgment and to Establish Procedure for Closing" (the "First Order"). The trial court deleted the paragraphs of the proposed order which would have immediately transferred and conveyed the property to Sussco and declared Sussco the fee simple owner of the property. The trial court replaced those proposed paragraphs with one paragraph containing a self-executing provision:
1. Defendant, ANAMARIE KELLY STOPPA, shall convey the real property described herein to the Plaintiff, SUSSCO, INC., within thirty (30) days from date of this Order. Should the Defendant, ANAMARIE KELLY STOPPA, fail to do so within the period of time provided herein, the Final Judgment of Specific Performance and this Order shall operate as the conveyance.
The trial court also changed other language in Sussco's proposed order regarding issuance of a writ of possession.
The First Order further provides that, pursuant to the Final Judgment and the terms of the contract, Sussco shall be given a credit against the sales proceeds of $615,000.00 for the two superior mortgages, *312 real property taxes, special assessments and liens, closing fees and money owed on Sussco's third mortgage. The amount remaining due on the Sussco mortgage would be a general and liquidated obligation owed by Stoppa to Sussco. In setting forth its determination of the total amount of Stoppa's debt to Sussco, the trial court attached its calculations in the margin of the First Order. On April 11, 2005, Stoppa filed a Notice of Appeal regarding the First Order.
B. Case No. 05-2490
After filing her Notice of Appeal from the First Order, Stoppa filed an Emergency Motion to Vacate Final Judgment of Specific Performance and Dismiss Action. Stoppa alleged that because Sussco had not complied with the Final Judgment by "tendering payment forthwith" of the $615,000, it was no longer equitable to enforce the Final Judgment.
In response, Sussco argued that Stoppa's appeal of the First Order divested the trial court of jurisdiction to consider Stoppa's Emergency Motion to Vacate. Sussco also argued that, because of the pendency of Stoppa's earlier appeal from the Final Judgment and Stoppa's subsequent bankruptcy proceedings, Sussco was unable to obtain clear, insurable title to the property following entry of the Final Judgment. At the conclusion of the hearing on the matter, the trial court denied Stoppa's motion to vacate for lack of jurisdiction.
III. ANALYSIS
A. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION AND EXERCISED INDEPENDENT JUDGMENT IN ENTERING THE FIRST ORDER
Stoppa argues that the trial court failed to exercise independent judicial judgment when it entered the First Order because it adopted verbatim Sussco's proposed order and did not give Stoppa an opportunity to object to the proposed order. Stoppa also argues that the First Order is inconsistent with previous orders of the trial court.
In Perlow v. Berg-Perlow, 875 So.2d 383 (Fla.2004), the Florida Supreme Court held that the trial court committed reversible error in a divorce proceeding by entering the wife's proposed final judgment of dissolution of marriage, verbatim, without giving the husband an opportunity to comment or object. Specifically, the Court stated:
When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case. This is especially true when the judge has made no findings or conclusions on the record that would form the basis for the party's proposed final judgment. This type of proceeding is fair to neither the parties involved in a particular case nor our judicial system.
Id. at 390.
Based on our review of the hearing transcript, Sussco's proposed order and the First Order, we reject the notion that the trial court failed to exercise its independent judgment in entering the First Order. We first note that the trial court did not adopt verbatim Sussco's proposed order. Indeed, the trial court made significant changes to the proposed order, including completely rejecting Sussco's proposed language that would have immediately vested Sussco with title to the property. The trial court's substituted language, ordering Stoppa to convey the property within 30 days and providing for a conveyance if she does not, is consistent *313 with the judge's statements at the hearing regarding her normal procedure in this type of case. The trial court also independently determined the amount of debt owed to Sussco and the First Order shows the trial court's calculations of these amounts. Moreover, the trial court also stated at the hearing that it found the amount of fees requested by Sussco to be reasonable, and filled in the blank spaces contained in the Order with the corresponding amounts. Thus, the trial court made oral pronouncements at the hearing consistent with the First Order. See Ross v. Botha, 867 So.2d 567, 572 (Fla. 4th DCA 2004)(in reviewing an "adopted" order court should consider, among other things, whether the signed order is consistent with or divergent from the verbal rulings of the court and whether trial judge altered the proposed judgment to conform to her conclusions).
The record also shows that the trial court actively participated in the hearing, and remarked that she remembered the case from its inception years earlier through its many subsequent hearings. Taken together with the significant changes made to Sussco's proposed order, it is evident that the trial court did not simply "adopt" Sussco's proposed order. See Bryan v. Bryan, 930 So.2d 693, 694-96 (Fla. 3d DCA 2006)(trial court did not delegate its decision making authority by adopting husband's proposed final judgment where trial judge actively participated in final hearing by asking numerous questions and taking notes and trial court allowed both parties to submit proposed final judgments and responses).
Stoppa's argument that she was not given the opportunity to object to the proposed order is similarly without merit. The trial court had already entered a Final Judgment ordering Stoppa to convey the property to Sussco, and was simply enforcing that Final Judgment by determining, in accordance with the bankruptcy court's relief from stay, the amounts and fees to be paid under the purchase and sale contract. Stoppa was given the opportunity to object to these amounts at the hearing, but instead chose to present no evidence regarding the total debt she owed Sussco.
Stoppa's argument that the First Order is inconsistent with previous orders of the trial court is also without merit. Stoppa claims that prior orders of the trial court required the $615,000 purchase price be applied to "pay" superior mortgages and fees and costs and that this is inconsistent with the First Order to the extent the First Order gives Sussco "credit" for these payments. Sussco was given a credit because the proceeds of the sale were insufficient to pay off the full amount due to Sussco under its third mortgage. As such, the First Order did not vary from the trial court's previous orders in any manner suggesting that it did not exercise independent judgment on this issue.
B. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING STOPPA'S MOTION TO VACATE FINAL JUDGMENT
It is "well settled that a trial court lacks jurisdiction to proceed on a motion for relief from judgment once appellate jurisdiction is invoked." Zuckerman v. Alex Hofrichter, P.A., 630 So.2d 210, 211 (Fla. 3d DCA 1993). See also Ferrara v. Belcher Indus., Inc., 483 So.2d 477 (Fla. 3d DCA 1986); Glatstein v. City of Miami, 391 So.2d 297 (Fla. 3d DCA 1980). Accordingly, a trial court is without jurisdiction to consider a motion to vacate a judgment, while that judgment is pending on appeal, in the absence of the appellate court relinquishing jurisdiction to the trial court for that purpose. See Glatstein, 391 So.2d at 297.
*314 That same rule applies here, even though the appeal in Case Number 05-829 was not from the Final Judgment itself, but was instead from the post-judgment, non-final First Order. As this Court explained in Bailey v. Bailey, 392 So.2d 49, 52 (Fla. 3d DCA 1981):
Whether the trial court lacks jurisdiction depends not simply on the fact that an appeal in the case has been taken and is pending, but rather on the nature of the action being taken by the trial court in relation to the subject matter of the pending appeal. If what the trial court does while the appeal is pending cannot affect or interfere with the subject matter of the appeal, and thus impinge upon the appellate court's power and authority to decide the issues presented to it by the appeal, then the trial court can act. The jurisdiction of the appellate court is exclusive only as to the subject matter of the appeal.
Because the Order on appeal in Case Number 05-829 concerned the enforcement of the Final Judgment, we conclude that the trial court lacked jurisdiction to consider the Emergency Motion to Vacate the Final Judgment since any decision on that issue would have necessarily interfered with the subject matter of the appeal in Case Number 05-829. Accordingly, we affirm the trial court's denial of Stoppa's Emergency Motion to Vacate the Final Judgment.
IV. CONCLUSION
For the foregoing reasons, we find that the trial court did not abuse its discretion, and we affirm the trial court's Order in Case Number 05-829 and the trial court's Order in Case Number 05-2490.
Affirmed.
NOTES
[1] Stoppa also argues that the trial court erred in awarding Sussco attorney's fees and costs in Case Number 05-829. Because Stoppa did not challenge Sussco's entitlement to fees below nor appeal the separate order awarding Sussco fees and costs, we find that this issue was not preserved. See Archer v. State, 613 So.2d 446, 448 (Fla.1993). Accordingly, we do not address the merits of this argument.