990 So.2d 578 (2008)
BLOCO, INC., a Florida corporation, Appellant,
v.
PORTERFIELD OIL COMPANY, INC., a Florida corporation, Appellee.
No. 2D07-5483.
District Court of Appeal of Florida, Second District.
August 6, 2008.
*579 John E. Spiller of John E. Spiller, P.A., Kissimmee, for Appellant.
Steven J. Polhemus of Steven J. Polhemus, P.A., LaBelle, for Appellee.
LaROSE, Judge.
Bloco, Inc. (Bloco), appeals a final order awarding $17,128.29 in attorney's fees, plus postjudgment interest, to Porterfield Oil Company, Inc. (Porterfield). Bloco argues that Porterfield never sought fees in its pleadings and failed to identify an applicable contractual or statutory basis for such relief. We reverse.
This appeal comes to us in an unusual posture. In January 2001, Porterfield obtained a $76,566.86 judgment against Florida Well Services (FWS). A writ of execution was returned unsatisfied. Several months later, Porterfield filed a complaint against Bloco, alleging a fraudulent transfer of real property from FWS to Bloco. Over three years later, Porterfield voluntarily dismissed its complaint.
In October 2004, Porterfield filed an amended complaint against Bloco, again alleging a fraudulent transfer of property to Bloco from FWS. In 2005, the trial court entered a final judgment against Bloco in "supplementary proceedings pursuant to section 56.29." The final judgment reserved jurisdiction to tax costs and reasonable attorney's fees in favor of Porterfield and against Bloco. Porterfield made no claim for fees in its original or amended complaint. Nevertheless, based on the final judgment, Porterfield moved for an award of attorney's fees. Porterfield did not identify a contractual or statutory basis for such an award.
Bloco appealed the final judgment, and the trial court took no action on the fee motion. In its initial brief, Bloco argued that the trial court erred in reserving jurisdiction to determine an award of attorney's fees. In its answer brief, Porterfield unequivocally acknowledged that "[t]he question of attorney's fees is not ripe for appellate review. The trial court did not even determine entitlement. It simply reserved on the question of fees, and such an order is not a final order for the purpose of appellate jurisdiction." The parties do not dispute that Porterfield conceded this point, again, at oral argument. See JB Invs., Inc. v. John B. Kane & Co., 805 So.2d 900 (Fla. 2d DCA 2001) (citing McIlveen v. McIlveen, 644 So.2d 612 (Fla. 2d DCA 1994)) (reiterating that an order that only determines a right to attorney's fees without setting the amount is a nonappealable, nonfinal order). In February *580 2007, we issued a per curiam affirmance of the final judgment. See Bloco, Inc. v. Porterfield Oil Co., 954 So.2d 32 (Fla. 2d DCA 2007) (table decision). We denied motions for appellate attorney's fees and later denied Bloco's motion for rehearing and rehearing en banc.
Porterfield filed an amended motion for attorney's fees in the trial court referring to the final judgment and the offer of judgment statute, section 768.29, Florida Statutes (2004). Porterfield, however, never made an offer of judgment or demand for settlement. Apparently recognizing its error, Porterfield filed a second amended motion for attorney's fees and costs, relying on the final judgment and section 56.29(11), Florida Statutes (2004). But, Bloco is not liable for fees under section 56.29(11). That section provides that "[c]osts for proceedings supplementary shall be taxed against the defendant as well as all other incidental costs determined to be reasonable and just.... Reasonable attorney's fees may be taxed against the defendant." Those fees may be assessed only against the judgment debtor. See Gaedeke Holdings, Ltd. v. Mortgage Consultants, Inc., 877 So.2d 824, 826 (Fla. 4th DCA 2004).
Porterfield filed another amended motion for attorney's fees. This time, it relied on the final judgment and our per curiam affirmance. Remarkably, Porterfield argued as follows:
In this case, the issue of attorney's fees was settled in the final judgment.... And once this goes up on appeal ... [and][o]nce it gets percuriam [sic] affirmed and any rehearing time expires, it becomes the law of the case.
[Bloco] is trying to re-argue essentially issues at trial that were settled at trial, issues that on appeal ... were settled on appeal, and the entitlement to attorney's fees was established by the trial court.
Over Bloco's opposition, the trial court granted Porterfield's motion. It awarded the fees at issue here, finding that it had merely "reserved on the issue of amount and reasonableness of attorney's fees."[1]
In this appeal, Bloco argues that there was no contractual or statutory basis for the fee award. Bloco also asserts that Porterfield is judicially estopped from claiming fees. Porterfield's response is simple: our earlier per curiam affirmance was "law of the case" establishing its right to fees. Simple, but wrong.
A party must plead entitlement to fees. Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991). Failure to do so constitutes a waiver of the claim. Id.[2] Once entitlement is pleaded, the prevailing party may move for attorney's fees after final judgment. Id. Here, Porterfield never pleaded entitlement to attorney's fees. It merely sought fees after final judgment.
Porterfield and Bloco had no contract for fees, and no statute or rule entitled Porterfield to fees. Porterfield's argument rests on the wording in the trial court's final judgment that reserved jurisdiction to tax fees and costs in its favor and our affirmance of that judgment. Plainly, despite the language in the final judgment, the trial court had no statutory or contractual basis to award fees. More important, on the record before us, our *581 earlier affirmance did not establish the law of the case.
The law of the case doctrine applies only to issues actually considered and decided in a prior appeal involving the same case. Analyte Diagnostics, Inc. v. D'Angelo, 792 So.2d 1271, 1272 (Fla. 4th DCA 2001) (citing Two M Dev. Corp. v. Mikos, 578 So.2d 829 (Fla. 2d DCA 1991)). The doctrine requires that questions of law actually decided on appeal must govern the case in the same court and in the trial court through all subsequent stages of the litigation. Fla. Dep't of Transp. v. Juliano, 801 So.2d 101, 105 (Fla.2001). The doctrine is limited to rulings on questions of law actually presented and considered in a prior appeal. Id. at 106; see also Arch Se. Commc'ns, Inc. v. Abraham Commc'ns, Inc., 702 So.2d 556, 558 (Fla. 2d DCA 1997) (finding that law of the case did not apply where prior decision involved only resolution of issues actually litigated).
Our prior per curiam affirmance neither directly nor implicitly decided any question about attorney's fees. Indeed, Porterfield properly acknowledged that the attorney's fee issue was not before us. Porterfield cannot now seriously contend that we previously decided the issue. See, e.g., Analyte Diagnostics, 792 So.2d 1271 (holding that per curiam affirmance was not law of the case where issue was not properly before the court because the question had neither been considered nor ruled upon below); ICON Dev. Corp. v. Winkelman, 687 So.2d 47 (Fla. 4th DCA 1997) (finding that where appellate court's decision neither directly nor indirectly disposed of certain claims, prior opinion was not law of the case).
In conclusion, Porterfield never offered an appropriate contractual or statutory basis to support an award of attorney's fees, and it erroneously relied on a law of the case doctrine to support its position. Accordingly, the trial court's final order awarding attorney's fees must be reversed.
Reversed.
ALTENBERND and VILLANTI, JJ., Concur.
NOTES
[1] The fee order before us was entered by a successor judge.
[2] Stockman recognizes an exception to a waiver where a party has notice that an opponent claims entitlement to attorney's fees and, by its conduct, recognizes or acquiesces to the claim or fails to object to the failure to plead entitlement. Id. The record before us shows no acquiescence by Bloco.