COHEN, J.
We reverse the trial court’s order striking Appellant’s, S.K.D., motion for relief from judgment, filed pursuant to Florida Rule of Civil Procedure 1.540, because the trial court erroneously concluded that this court had already decided the issues raised therein, and therefore was bound by law of the case. We have jurisdiction[1] and deem both the appeal and rule 1.540 motion timely.[2] S.K.D. raises four issues, only one of which merits discussion.
The parties exhaustively litigated the dissolution of their marriage and the dependency adjudication of their children, which were consolidated for trial. The Department of Children and Families’ (“DCF”) dependency petition alleged that the parties’ infant and two-year-old child were subject to abuse, abandonment, and neglect due to Appellant’s severe alcohol and prescription drug abuse, which resulted in her confinements under the Baker and Marchman Acts. Ultimately, the trial court entered final judgments dissolving the marriage, equitably distributing the marital property, granting sole parental authority and primary physical residence *860 to Appellee, and terminating jurisdiction and supervision in the dependency matter.[3]
After noticing her appeal of the trial court’s final judgments, Appellant learned that, while the dependency case was pending, Appellee engaged in a personal relationship with the Program Director of DCF for Brevard County, who was involved in their case. DCF’s Office of Inspector General found the allegations were supported. Appellant then filed the instant rule 1.540 motion asking the trial court to relieve her from all orders and judgments in the consolidated cases due to fraud, misrepresentation, mistake, inadvertence, and newly discovered evidence, which demonstrated DCF violated her rights and failed to perform its responsibilities and duties to reunite her with her children. The allegations did not relate facts germane to the dissolution proceeding. Appellant unsuccessfully motioned this court to relinquish jurisdiction to allow the trial court to consider her rule 1.540 motion.
Following this court’s per curiam affirmance of the trial court’s judgments, Appellant sought a hearing on her rule 1.540 motion. Appellee responded with a motion to strike. After a hearing, the trial court granted the motion to strike, concluding that this court decided the issues raised in Appellant’s motion, and therefore it was precluded by law of the case from revisiting these issues. “The doctrine of the law of the case [applies] to issues actually considered and decided by a former appeal involving the same case.” Analyte Diagnostics, Inc. v. D’Angelo, 792 So.2d 1271, 1272 (Fla. 4th DCA 2001). Analyte Diagnostics demonstrates why this doctrine is inapplicable in this case.
In Analyte Diagnostics, during the pen-dency of an appeal, the appellants filed a rule 1.540 motion based on new facts suggesting fraud on the trial court by one of the appellees. The appellants unsuccessfully sought relinquishment of the appellate court’s jurisdiction to allow the trial court to rule on their rule 1.540 motion, and their appeal was denied when the court later affirmed the trial court’s judgment. Subsequently, they raised the rule 1.540 motion in the trial court, which denied relief based on law of the case because the appellate court declined to relinquish jurisdiction and the issue was raised in their briefs. The Fourth District reversed, concluding that the issue, neither considered nor ruled upon below, was not properly before it. Id. at 1272. Further, it determined that it was apparent that the merits of the rule 1.540 motion to vacate were never considered in the first appeal. Therefore, the per curiam affirmance of the final judgment did not bar the trial court’s consideration of the rule 1.540 motion. Id.
Appellee attempts to distinguish Analyte Diagnostics by asserting that this court considered Appellant’s rule 1.540 motion because it was attached to her motion to relinquish jurisdiction which this court denied. However, the attachment of a motion, never before considered or ruled upon by the trial court, to a motion to relinquish jurisdiction does not properly present an issue to this court. Id. Further, “[t]he denial of a motion to relinquish jurisdiction cannot be considered a decision on the merits of the claim for which relinquishment is sought.” Id.
We also reject Appellee’s contention that the trial court addressed the rule 1.540 motion when it denied Appellant’s motion *861 to reconsider and stated: “The court having reviewed said Motion and being otherwise advised in the premises.It is not apparent from the trial court’s language that it was speaking about any motion other than Appellee’s motion to strike. Further, the order did not include any language susceptible of an interpretation that it considered the merits of Appellant’s rule 1.540 motion. Accordingly, we reverse the order striking Appellant’s rule 1.540 motion and remand for the trial court to consider the merits of her motion.
 The trial court, when exercising its discretion in considering a motion for new trial, must consider the parameters expressed in E.I. DuPont De Nemours v. Native Hammock Nursery, Inc., 698 So.2d 267, 269 (Fla. 3d DCA 1997): “Would the new evidence probably change the result if a new trial is granted? Has it been discovered since the trial? Could it have been discovered before the trial by the exercise of due diligence? Is it material to the issues? Is it merely cumulative or impeaching?” Material evidence is described as that “which is relevant and goes to the substantial matters in dispute, or has a legitimate and effective influence or bearing on the decision of the case.” City of Winter Haven v. Tuttle/White Constructors, Inc., 370 So.2d 829, 831-32 (Fla. 2d DCA 1979).
The trial court should also consider that a motion for relief from judgment should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege “colorable entitlement” to relief. Smith v. Smith, 903 So.2d 1044, 1045 (Fla. 5th DCA 2005). We express no opinion as to whether any colorable entitlement is shown, whether the evidence is merely impeaching, or if it would probably change the result.
REVERSED and REMANDED.
SAWAYA and EVANDER, JJ., concur.

. Fla. R.App. P. 9.130(a)(5).

. Appellant filed her Florida Rule of Civil Procedure 1.540 motion within one year of the trial court's entry on July 6, 2005, of the order denying her timely motions for rehearing of the final judgments.

. This court affirmed per curiam the final judgments. S.K.D. v. Dep’t of Children & Families, 974 So.2d 402 (Fla. 5th DCA 2008) (table).